Eastman Kodak Company *v.* Commonwealth.

Argued March 8, 1972, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Ronald F. Kidd,* with him *Duane, Morris & Heck-
scher,* for appellant.

*M. David Smeltz,* Deputy Attorney General, for ap-
pellee.

Opinion by Judge Mencer, May 25, 1972:

The sole legal issue in this appeal is the same as
discussed and resolved by this Court in *Allentown
Wholesale Grocery Company v. Commonwealth of Penn-
sylvania,* 5 Pa. Commonwealth Ct. 426,     A. 2d
(1972), which we file this day. This appeal is controlled
by that decision. We there decided that a 52-53-week ac-
counting period constituted a fiscal year basis of ac-
counting and not a calendar year basis of accounting.
The consequence of such a holding was to free the tax-

payer from paying a higher rate of tax which was imposed effective January 1 of a given year when the taxpayer's fiscal year commenced prior to the January 1 date.

Here we have a like situation. Eastman Kodak Company (Eastman) is a foreign business corporation organized under the laws of the State of New Jersey with its home office and principal place of business at Rochester, New York. Eastman registered and qualified to do business in Pennsylvania on December 27, 1965. It timely filed with the Department of Revenue its Certification of Filing Period stating that its fiscal year ends "the Sunday which last occurs in December." Since the year 1932, Eastman has maintained its books and records on a 52-53 week accounting period which always ends on the last Sunday in December and its fiscal year begins on the next day.

Within the time required by law, Eastman filed with the Department of Revenue its corporate net income tax report for the fiscal year beginning on December 26, 1966 and ending on December 31, 1967. Eastman calculated its tax at the rate of six per centum but in settlement of this tax the Department of Revenue considered Eastman to be on a calendar year basis of accounting and subject to a tax rate of seven per centum.

A Petition for Resettlement was filed by Eastman and refused. Eastman then filed a Petition for Review with the Board of Finance and Revenue which was also refused. This appeal from that refusal was filed and perfected by Eastman.

On November 30, 1971, an evidentiary hearing was held and a record made including as a part thereof a stipulation of facts, together with an agreement to try the case without a jury as provided by section 1 of the Act of April 22, 1874, P. L. 109, 12 P.S. §688. We adopt as the findings of fact by the Court the facts as set

forth in the stipulation and incorporate the same herein by reference.

Section 1 of the Act of September 29, 1967, P. L. 310, amended Section 3 of the Act of May 16, 1935, P. L. 208, 72 P.S. 3420c, known as the "Corporate Net Income Tax Act," by increasing the corporate net income tax rate from six per centum to seven per centum per annum ". . . upon each dollar of the net income of such corporation received by and accruing to such corporation during the calendar years one thousand nine hundred sixty-seven and one thousand nine hundred and sixty-eight, *except* where a corporation reports to the Federal Government on the basis of a *fiscal year* and has certified such fact to the department as required by section four of this act, *in which case* such tax at the rate of seven per centum shall be levied, collected and paid upon all net income received by and accruing to such corporation during *each fiscal year commencing during the calendar years one thousand nine hundred sixty-seven* and one thousand nine hundred sixty-eight. . . ." (Emphasis supplied.)

Section 2 of the Act of September 29, 1967, provided: "This act shall take effect immediately and shall impose the increased rate of seven per centum for the calendar year beginning January 1, 1967."

We are convinced that the Act of September 29, 1967, was intended to be retroactive only to the beginning of the calendar year 1967 and to the fiscal years beginning in 1967 and ending in the calendar year 1968. Here Eastman's fiscal year began on December 26, 1966, and, being prior to January 1, 1967, the increased and new rate of seven per centum did not apply to that fiscal year beginning five days before the effective date of the act.

No purpose would be served here by repeating the reasons set forth in *Allentown Wholesale Grocery Com-*

*pany v. Commonwealth, supra,* for concluding that the authorized 52-53-week accounting period is a fiscal year basis of accounting. This being so and the Commonwealth not disputing that Eastman reports to the Federal government on the basis of a fiscal year and has certified such fact to the Department as required by Section 4 of the Corporate Net Income Tax Act, we can only conclude that the new seven per centum rate did not apply to Eastman for its fiscal year beginning December 26, 1966.

Having reached the conclusion that this case should be decided on a question of statutory construction and further that it be decided favorably to the taxpayer, we deem it unnecessary to discuss or rule on the other questions raised by Eastman.

Since we have adopted as findings of fact by the Court the facts set forth in the stipulation, we make the following

## Conclusions of Law

1. Eastman Kodak Company is on a fiscal year basis of accounting.

2. Eastman Kodak Company's fiscal year here in question commenced December 26, 1966, and ended December 31, 1967.

3. The Commonwealth incorrectly resettled the 1966 fiscal year corporate net income tax of Eastman Kodak Company.

### Decree Nisi

And now, this 25th day of May, 1972, the order of the Board of Finance and Revenue refusing Eastman Kodak Company's Petition for Review is reversed and the Commonwealth is directed to compute said company's corporate net income tax for its fiscal year which commenced December 26, 1966, in accordance with this opinion and, when so calculated, judgment

shall be entered for the Commonwealth in the amount so determined, together with any interest allowed by law and with a credit allowed to the said company for such amount, if any, as it has paid on such tax obligation, unless exceptions be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.